## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| **FARNAZ AMIRIFAR** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00474-LMB-JFA |
| | ) | |
| **TRIDENT SYSTEMS** | ) | |
| **INCORPORATED** | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TRIDENT SYSTEMS INCORPORATED ("Defendant"), by and through its counsel,

KIERNAN TREBACH LLP, states as follows in response to the Complaint and Demand FOR

Jury Trial ("Complaint") filed by FARNAZ AMIRIFAR ("Plaintiff"):

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

NATURE OF PLAINTIFF'S CLAIMS

1.   The allegations set forth in Paragraph 1 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

2.   The allegations set forth in Paragraph 2 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

3.   The allegations set forth in Paragraph 3 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

1

4.   The allegations set forth in Paragraph 4 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

5.   Defendant denies the allegations set forth in Paragraph 5 of the Complaint and demands strict proof thereof.

JURISDICTION AND VENUE

6.   The allegations set forth in Paragraph 6 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

7.   Defendant admits that it operates and transacts business in this Court's Judicial District.  The remaining allegations set forth in Paragraph 7 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

8.   The allegations set forth in Paragraph 8 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

ADMINISTRATIVE PREREQUISITES

9.   The allegations set forth in Paragraph 9 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

10. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof.

11. Defendant lacks sufficient knowledge of the allegations set forth in

Paragraph 11 of the Complaint and therefore denies same and demands strict proof thereof.

12. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

PARTIES

13. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

14. Defendant admits that it is a corporation doing business and admits its address as set forth in Paragraph 14 of the Complaint.  Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant admits that it employed Plaintiff at certain times.  The remaining allegations set forth in Paragraph 15 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

16. Defendant admits that it employed Plaintiff at certain times.  The remaining allegations set forth in Paragraph 16 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

17. Defendant admits that it employed Plaintiff at certain times.  The remaining allegations set forth in Paragraph 17 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

18. Defendant admits that at times it has had at least fifty employees within a 75-mile

radius.  The remaining allegations set forth in Paragraph 18 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

19. Defendant admits that at times it has had at least fifteen employees within a 75-mile radius.  The remaining allegations set forth in Paragraph 19 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

20. Defendant admits that at times it has had at least twenty employees within a 75-mile radius.  The remaining allegations set forth in Paragraph 20 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

21. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22. The allegations set forth in the Paragraph 22 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

23. Defendant admits that in April 2021, it received an e-mail from Plaintiff along with a document purportedly from a physician with regard to treatment for Plaintiff's serious health condition as set forth in said documents. Defendant denies the remaining allegations set forth in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Defendant admits that Plaintiff requested time off and to work remotely.  The

4

remaining allegations set forth in Paragraph 24 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

25. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant denies that it terminated Plaintiff in retaliation for any protected activity. The remaining allegations set forth in the Paragraph 31 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint and demands strict proof thereof.

CLAIMS FOR RELIEF

COUNT I – FMLA Interference in Violation of the FMLA

36. Defendant adopts and incorporates its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant admits that in April 2021, it received an e-mail from Plaintiff along with a document purportedly from a physician with regard to treatment for Plaintiff's medical condition as set forth in said documents. The remaining allegations set forth in the Paragraph 38 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

39. Defendant admits that Plaintiff was subject to a flexible work schedules and to work requirements during her employment. Defendant denies the remaining allegations of Paragraph 39 of the Complaint and demands strict proof thereof.

40. The allegations set forth in the Paragraph 40 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint and demands strict proof thereof.

COUNT II – FMLA Retaliation in Violation of the FMLA

44. Defendant adopts and incorporates its responses to Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant admits that it terminated Plaintiff.  Defendant denies the remaining allegations set forth in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint and demands strict proof thereof.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint and demands strict proof thereof.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint and demands strict proof thereof.

COUNT III – Disability Discrimination in Violation of the ADA

50. Defendant adopts and incorporates its responses to Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint and demands strict proof thereof.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint and demands strict proof thereof.

53. The allegations set forth in Paragraph 53 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint and demands strict proof thereof.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint and demands strict proof thereof.

COUNT IV – Age-Based Discrimination in Violation of the ADEA

56. Defendant adopts and incorporates its responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. The allegations set forth in Paragraph 57 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint and demands strict proof thereof.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint and

demands strict proof thereof.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint and demands strict proof thereof.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint and demands strict proof thereof.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint and demands strict proof thereof.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint and demands strict proof thereof.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint and demands strict proof thereof.

COUNT V – Disability Based Discrimination in Violation of the Virginia Human Rights Act

65. Defendant adopts and incorporates its responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. The allegations set forth in Paragraph 66 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint and demands strict proof thereof.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint and demands strict proof thereof.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint and demands strict proof thereof.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint and demands strict proof thereof.

71. Defendant denies the allegations set forth in Paragraph 71 of the Complaint and demands strict proof thereof.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint and demands strict proof thereof.

73. Defendant denies the allegations set forth in Paragraph 73 of the Complaint and demands strict proof thereof.

COUNT VI – Age-Based Discrimination in Violation of the Virginia Human Rights Act

74. Defendant adopts and incorporates its responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. The allegations set forth in Paragraph 75 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

76. Defendant denies the allegations set forth in Paragraph 76 of the Complaint and demands strict proof thereof.

77. Defendant denies the allegations set forth in Paragraph 77 of the Complaint and demands strict proof thereof.

78. Defendant denies the allegations set forth in Paragraph 78 of the Complaint and demands strict proof thereof.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint and demands strict proof thereof.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint and

demands strict proof thereof.

 81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint and demands strict proof thereof.

 82. Defendant denies the allegations set forth in Paragraph 82 of the Complaint and demands strict proof thereof.

PRAYER FOR RELIEF

The allegations set forth in the remaining Paragraphs of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE HEREBY DENIED

<strong><u>SECOND AFFIRMATIVE DEFENSE</u></strong>

Defendant has a custom, practice and policy against discrimination and/or retaliation in the workplace and has instituted procedures to investigate and prevent workplace discrimination and/or retaliation.

<strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong>

Plaintiff failed to avail herself of Defendant's policies or procedures governing workplace discrimination, retaliation, leave or other conduct and her claims are therefore barred in whole or in part.

<strong><u>FOURTH AFFIRMATIVE DEFENSE</u></strong>

At all times relevant hereto, Defendant acted in good faith and based on legitimate non-discriminatory and non-retaliatory reasons and did not violate any rights that may be secured to the Plaintiff under any policies or any federal, state or local laws, rules, regulations or guidelines.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of the failure of the Complaint to allege a sufficient factual and/or legal basis for compensatory and/or punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, collateral estoppel, laches, accord and satisfaction, unclean hands, fraud, *res judicata,* lack of standing, and any other equitable defense(s) found to be factually merited during the course of discovery in, or trial of, this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages reasonably as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies and/or process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitations or other limitations periods**.**

## TENTH AFFIRMATIVE DEFENSE

Defendant denies all allegations of malfeasance or nonfeasance and Defendant did not commit any alleged wrongful or tortious act(s) or omission(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or recovery are barred in whole or in part pursuant to the doctrine of after-acquired evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part due to her failure to satisfy the factual and/or legal prerequisites of the statutes and/or regulations under which she is seeking relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is barred or limited based upon payments and/or compensation/benefits received by Plaintiff, and/or Defendant is entitled to a credit and/or set-off for same.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant did not proximately cause any injury or damages to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because she lacks proper standing to pursue said claim(s).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were caused by ailments, conditions, illnesses, disorders, natural events and/or circumstances that Defendant could not prevent or control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were caused by her knowing and voluntary acts which operate as a complete or partial bar to her claims in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendant had no implied or express contractual duties or obligations with respect to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff was an at-will employee of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant did not owe Plaintiff any duties of care or process other than as were provided to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties, including any Trustee in any bankruptcy proceeding.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to engage in conduct protected by the statute(s) under which she seeks relief in this action for claims of retaliation.

All defenses under Fed. R. Civ. P. 12(b) or 12(h) are hereby preserved.

Defendant reserves the right to amend and/or supplement this Answer and its affirmative defenses, and/or to assert additional defenses as discovery and investigation are ongoing.

Respectfully submitted,

TRIDENT SYSTEMS INCORPORATED

By Counsel

KIERNAN TREBACH LLP

*/S/ Alan S. Block*

_____

Alan S. Block #32528
1233 20th Street, N.W.
Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (Facsimile)
ablock@kiernantrebach.com

## **JURY DEMAND**

Defendant hereby demands trial by jury comprised of the maximum number of jurors permitted by this Court.

Respectfully submitted,

TRIDENT SYSTEMS INCORPORATED

By Counsel

KIERNAN TREBACH LLP

*/S/ Alan S. Block*

_____

Alan S. Block #32528
1233 20th Street, N.W.
Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (Facsimile)
ablock@kiernantrebach.com

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer was served electronically via

ECF and via first-class mail, postage prepaid on June 2, 2022 upon:

Leonard Bennett, Esq.
Craig C. Marchiando, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601

*/S/ Alan S. Block*

_____

Alan S. Block

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **FARNAZ AMIRIFAR** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00474-LMB-JFA |
| | ) | |
| **TRIDENT SYSTEMS** | ) | |
| **INCORPORATED** | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

TRIDENT SYSTEMS INCORPORATED ("Defendant"), by and through its counsel,

KIERNAN TREBACH LLP, states as follows in response to the Complaint and Demand FOR

Jury Trial ("Complaint") filed by FARNAZ AMIRIFAR ("Plaintiff"):

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

NATURE OF PLAINTIFF'S CLAIMS

1.    The allegations set forth in Paragraph 1 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

2.    The allegations set forth in Paragraph 2 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

3.    The allegations set forth in Paragraph 3 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

4.   The allegations set forth in Paragraph 4 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

5.   Defendant denies the allegations set forth in Paragraph 5 of the Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

6.   The allegations set forth in Paragraph 6 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

7.   Defendant admits that it operates and transacts business in this Court's Judicial District.  The remaining allegations set forth in Paragraph 7 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

8.   The allegations set forth in Paragraph 8 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

## ADMINISTRATIVE PREREQUISITES

9.   The allegations set forth in Paragraph 9 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

10. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 10 of the Complaint and therefore denies same and demands strict proof thereof.

11. Defendant lacks sufficient knowledge of the allegations set forth in

Paragraph 11 of the Complaint and therefore denies same and demands strict proof thereof.

12. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

PARTIES

13. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 13 of the Complaint and therefore denies same and demands strict proof thereof.

14. Defendant admits that it is a corporation doing business and admits its address as set forth in Paragraph 14 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant admits that it employed Plaintiff at certain times. The remaining allegations set forth in Paragraph 15 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

16. Defendant admits that it employed Plaintiff at certain times. The remaining allegations set forth in Paragraph 16 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

17. Defendant admits that it employed Plaintiff at certain times. The remaining allegations set forth in Paragraph 17 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response. If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

18. Defendant admits that at times it has had at least fifty employees within a 75-mile

radius.  The remaining allegations set forth in Paragraph 18 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

19. Defendant admits that at times it has had at least fifteen employees within a 75-mile radius.  The remaining allegations set forth in Paragraph 19 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

20. Defendant admits that at times it has had at least twenty employees within a 75-mile radius.  The remaining allegations set forth in Paragraph 20 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

21. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22. The allegations set forth in the Paragraph 22 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

23. Defendant admits that in April 2021, it received an e-mail from Plaintiff along with a document purportedly from a physician with regard to treatment for Plaintiff's serious health condition as set forth in said documents. Defendant denies the remaining allegations set forth in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Defendant admits that Plaintiff requested time off and to work remotely.  The

remaining allegations set forth in Paragraph 24 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

25. Defendant lacks sufficient knowledge of the allegations set forth in Paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant denies that it terminated Plaintiff in retaliation for any protected activity. The remaining allegations set forth in the Paragraph 31 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint and demands strict proof thereof.

CLAIMS FOR RELIEF

COUNT I – FMLA Interference in Violation of the FMLA

36. Defendant adopts and incorporates its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant admits that in April 2021, it received an e-mail from Plaintiff along with a document purportedly from a physician with regard to treatment for Plaintiff's medical condition as set forth in said documents.  The remaining allegations set forth in the Paragraph 38 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

39. Defendant admits that Plaintiff was subject to a flexible work schedules and to work requirements during her employment.  Defendant denies the remaining allegations of Paragraph 39 of the Complaint and demands strict proof thereof.

40. The allegations set forth in the Paragraph 40 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint and demands strict proof thereof, but admits that Plaintiff's employment was terminated on April 13, 2021.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint and demands strict proof thereof.

COUNT II – FMLA Retaliation in Violation of the FMLA

44. Defendant adopts and incorporates its responses to Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant admits that it terminated Plaintiff.  Defendant denies the remaining allegations set forth in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint and demands strict proof thereof.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint and demands strict proof thereof.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint and demands strict proof thereof.

COUNT III – Disability Discrimination in Violation of the ADA

50. Defendant adopts and incorporates its responses to Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint and demands strict proof thereof.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint and demands strict proof thereof.

53. The allegations set forth in Paragraph 53 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint and demands strict proof thereof.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint and demands strict proof thereof.

COUNT IV – Age-Based Discrimination in Violation of the ADEA

56. Defendant adopts and incorporates its responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. The allegations set forth in Paragraph 57 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint and demands strict proof thereof.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint and

demands strict proof thereof.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint and demands strict proof thereof.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint and demands strict proof thereof.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint and demands strict proof thereof.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint and demands strict proof thereof.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint and demands strict proof thereof.

COUNT V – Disability Based Discrimination in Violation of the Virginia Human Rights Act

65. Defendant adopts and incorporates its responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. The allegations set forth in Paragraph 66 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint and demands strict proof thereof.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint and demands strict proof thereof.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint and demands strict proof thereof.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint and demands strict proof thereof.

71. Defendant denies the allegations set forth in Paragraph 71 of the Complaint and demands strict proof thereof.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint and demands strict proof thereof.

73. Defendant denies the allegations set forth in Paragraph 73 of the Complaint and demands strict proof thereof.

COUNT VI – Age-Based Discrimination in Violation of the Virginia Human Rights Act

74. Defendant adopts and incorporates its responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. The allegations set forth in Paragraph 75 of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

76. Defendant denies the allegations set forth in Paragraph 76 of the Complaint and demands strict proof thereof.

77. Defendant denies the allegations set forth in Paragraph 77 of the Complaint and demands strict proof thereof.

78. Defendant denies the allegations set forth in Paragraph 78 of the Complaint and demands strict proof thereof.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint and demands strict proof thereof.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint and

demands strict proof thereof.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint and demands strict proof thereof.

82. Defendant denies the allegations set forth in Paragraph 82 of the Complaint and demands strict proof thereof.

PRAYER FOR RELIEF

The allegations set forth in the remaining Paragraphs of the Complaint are the explanatory statements and legal conclusions of the pleader and require no response.  If a response is required, Defendant denies the allegations as phrased and demands strict proof thereof.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE HEREBY DENIED

**SECOND AFFIRMATIVE DEFENSE**

Defendant has a custom, practice and policy against discrimination and/or retaliation in the workplace and has instituted procedures to investigate and prevent workplace discrimination and/or retaliation.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to avail herself of Defendant's policies or procedures governing workplace discrimination, retaliation, leave or other conduct and her claims are therefore barred in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant acted in good faith and based on legitimate non-discriminatory and non-retaliatory reasons and did not violate any rights that may be secured to the Plaintiff under any policies or any federal, state or local laws, rules, regulations or guidelines.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of the failure of the Complaint to allege a sufficient factual and/or legal basis for compensatory and/or punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, collateral estoppel, laches, accord and satisfaction, unclean hands, fraud, *res judicata,* lack of standing, and any other equitable defense(s) found to be factually merited during the course of discovery in, or trial of, this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages reasonably as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies and/or process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitations or other limitations periods**.**

## TENTH AFFIRMATIVE DEFENSE

Defendant denies all allegations of malfeasance or nonfeasance and Defendant did not commit any alleged wrongful or tortious act(s) or omission(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or recovery are barred in whole or in part pursuant to the doctrine of after-acquired evidence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to her failure to satisfy the factual and/or legal prerequisites of the statutes and/or regulations under which she is seeking relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred or limited based upon payments and/or compensation/benefits received by Plaintiff, and/or Defendant is entitled to a credit and/or set-off for same.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant did not proximately cause any injury or damages to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because she lacks proper standing to pursue said claim(s).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by ailments, conditions, illnesses, disorders, natural events and/or circumstances that Defendant could not prevent or control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by her knowing and voluntary acts which operate as a complete or partial bar to her claims in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had no implied or express contractual duties or obligations with respect to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff was an at-will employee of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant did not owe Plaintiff any duties of care or process other than as were provided to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties, including any Trustee in any bankruptcy proceeding.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to engage in conduct protected by the statute(s) under which she seeks relief in this action for claims of retaliation.

All defenses under Fed. R. Civ. P. 12(b) or 12(h) are hereby preserved.

Defendant reserves the right to amend and/or supplement this Answer and its affirmative defenses, and/or to assert additional defenses as discovery and investigation are ongoing.

Respectfully submitted,

TRIDENT SYSTEMS INCORPORATED

By Counsel

KIERNAN TREBACH LLP

*/S/ Alan S. Block*

_____
Alan S. Block #32528
1233 20th Street, N.W.
Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (Facsimile)
ablock@kiernantrebach.com

## **JURY DEMAND**

Defendant hereby demands trial by jury comprised of the maximum number of jurors permitted by this Court.

Respectfully submitted,

TRIDENT SYSTEMS INCORPORATED

By Counsel

KIERNAN TREBACH LLP

*/S/ Alan S. Block*

_____
Alan S. Block #32528
1233 20th Street, N.W.
Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (Facsimile)
ablock@kiernantrebach.com

15

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Answer was served electronically via

ECF and via first-class mail, postage prepaid on June 2, 2022 upon:


Leonard Bennett, Esq.
Craig C. Marchiando, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601


*/S/ Alan S. Block*

_____

Alan S. Block